JUSTICE GRAY,
concurring in part and dissenting in part.
¶60 I concur in the Court’s opinion on issues one and two. I respectfully dissent from that opinion on issue three, namely, whether the District Court erred in denying attorney fees to Laudert. While I agree that the trial court erred in using the “ultimate basis” test in determining whether Laudert is the prevailing party, I would affirm its denial of attorney fees under the “right result, wrong reason” approach, relying on the “useful and appropriate” — and, I submit, persuasive — federal authorities cited by the Court.
¶61 We all agree that § 49-2-505(7), MCA, vests discretion in the district courts to award reasonable attorney fees to the prevailing party in a discrimination action. Thus, our inquiry is whether Laudert is the prevailing party in this action. We also apparently agree that federal case law is useful and appropriate in interpreting the Montana Human Rights Act (Montana Act) and that, as a logical next step, the United States Supreme Court’s articulation of the “prevailing party” standard in Garland is the appropriate test. Under that test, “the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties ...” Garland, 489 U.S. at 792-93, 109 S.Ct. at 1494.
¶62 It is true, as the Court observes, that the Supreme Court further refined the prevailing party test in Farrar. In doing so, however, the Supreme Court left untouched the fundamental basis of that test as expressed in Garland. Notwithstanding the addition of the “enforceable judgment ... or comparable relief” language, the focal point of the prevailing party test still centers on relief that materially alters the legal relationship between the parties. Farrar, 506 U.S. at 111, 113 S.Ct. at 573 (citing Garland, 489 U.S. at 792-93, 109 S.Ct. at 1494). Indeed, the rationale for adding the “enforceable judgment or compara *133 ble relief’ refinement in Farrar is merely a matter of logic and common sense because, absent such judgment or relief, there can be no material alteration in the legal relationship between the parties.
¶63 In the present case, it is undisputed that the relief granted — that is, required changes in the RCSD’s policy on hiring procedures — does not affect the legal relationship between Laudert and the RCSD in any fashion. On that basis, and because our practice is to use federal authority in interpreting the Montana Act, I would conclude that Laudert was not the prevailing party for purposes of the District Court’s discretionary authority to award attorney fees under § 49-2-505(7), MCA.
¶64 Instead of doing so, the Court abruptly switches horses in midstream by rejecting the Farrar prevailing party standard — which includes the core Garland concept of a material alteration in the legal relationship between the parties — and saddling up a new pony which, as it candidly admits, is not supported by any federal authority cited by any party or, indeed, by the Court. Under this new approach to the Montana Act, civil rights plaintiffs become, in essence, private attorneys general who serve the public good by eliminating discrimination, even if the one established discriminatory act — here, an act which began as a discussion of Laudert’s past medical problems initiated by Laudert himself — does not produce a result adverse to the plaintiff or any other person. In the abstract, this is assuredly a noble and sound result. The problem is that such a result is not supported by the language of the Montana Act or any other legal authority. Moreover, the Court’s decision to depart from our practice of relying on federal authority in interpreting the Montana Act and, instead, to pick and choose when and to what extent it will do so, leaves legal practitioners and trial courts without any guidance in this important area of the law.
¶65 Nor does the Court address the fact that, once a hearing examiner or the Commission finds a discriminatory practice or conduct has occurred, it is required to order the party to refrain from engaging in that conduct and prescribe conditions on such future conduct which are relevant to the type of discriminatory practice found, without regard to whether the plaintiff establishes that the practice or conduct resulted in his or her failure to obtain the job at issue. See § 49-2-506, MCA. Under the Court’s approach to the prevailing party standard, then, every plaintiff who establishes a single discriminatory act necessarily will be a prevailing party for purposes of the discretionary *134 award of attorney fees authorized by § 49-2-505(7), MCA. Nothing in the language of the Montana Act supports such a result.
¶66 The Court cites to our Wagner and Dolan decisions as support for its “public service” approach to the prevailing party inquiry. Neither case is relevant here. In Wagner, the plaintiffs prevailing party status was undisputed and the issue was whether the trial court abused its discretion in denying attorney fees. Wagner, 228 Mont. at 371-72, 743 P.2d at 587. In that context, we cited to a United States Supreme Court case for the proposition that “[t]he purpose of awarding attorney’s fees to prevailing parties in civil rights litigation is to ensure ‘effective access to the judicial process[,]’ ” and went on to state that “[generally, there is agreement that without an attorney’s fee award for successful litigants, meritorious civil rights litigation often would not be brought.” Wagner, 228 Mont. at 372, 743 P.2d at 587. The Court is simply in error in relying on our statements in Wagner as the basis for its prevailing party determination, an issue not addressed there and to which the quoted statements bear no relationship. Indeed, the Court’s use of those statements — which presumed the existence of a prevailing party — to support its prevailing party determination is a matter of the tail wagging the dog.
¶67 Nor is Dolan applicable here. There, the issue before us was whether Title 49 impliedly repealed an older statute which permitted a school district to mandatorily retire a teacher at age 65. See Dolan, 195 Mont. at 342, 636 P.2d at 826. We held that it did, because the earlier statute permitted discrimination in employment based solely on age, whereas the subsequently enacted “Title 49 clearly depicts the intent of the legislature!,] [that] [t]here shall be no discrimination in certain areas of the lives of Montana citizens, employment being one such area, except under the most limited of circumstances.” Dolan, 195 Mont. at 347, 636 P.2d at 829. Unlike the case presently before us, Dolan did not involve a prevailing party inquiry and our statements therein have no bearing on that issue here.
¶68 As a consequence of the lack of support in the Montana Act, our case law or federal authorities for a contrary result, I conclude that Laudert is not the prevailing party for purposes of an award of attorney fees under § 49-2-505(7), MCA. On that basis, I would affirm the District Court’s denial of attorney fees and I respectfully dissent from the Court’s failure to do so.